REINHARDT, Circuit Judge,
dissenting, in which BERZON, Circuit Judge, joins.
I concur in Part III of Judge M. Smith’s dissent and agree that California failed to carry its burden of demonstrating that the differential fees it charges to nonresidents are “closely drawn” to the achievement of a, “substantial state objective.” Supreme Court of Virginia v. Friedman, 487 U.S. 59, 68, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988). Permissible state objectives include “compensating] the State for any added enforcement burden they may impose or for any conservation expenditures from taxes which only residents pay.” Toomer v. Witsell, 334 U.S. 385, 399, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948). Here, California does not contend that nonresident fishermen impose any sort of added enforcement burden. Nor does the state provide persuasive evidence that its fee differentials bear a “reasonable relationship” to its legitimate interest in receiving compensation from nonresidents for its “conservation expenditures from taxes which only residents pay.” Toomer, 334 U.S. at 399, 68 S.Ct. 1156 (1948). Therefore, I agree with Judge M. Smith that the state has failed to make the requisite showing to justify any differential. That conclusion does not embrace either of the views expressed by the original panel as to how a differential should be *864 calculated when it is in fact justified. See Marilley v. Bonham, 802 F.3d 958, 966-68 (9th Cir. 2015), reh’g en banc granted, 815 F.3d 1178 (9th Cir. 2016) (Graben., J., dissenting) (comparing the “per capita” and “fair share” approaches to calculating a justified fee differential).